# EXHIBIT H

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| Marc Cohodes <br> *Plaintiff* <br> v. <br> MiMedx Group, Inc., et al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 3:22-cv-00368-AMO (KAW) <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Roddy Boyd; rsboyd@protonmail.com

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: the information sought in Schedule A (attached). All information may be produced electronically to the email address listed below.

| Place: Starkings Court Reporting <br> 916A Hay Street <br> Fayetteville, NC 28305 | Date and Time: <br> 11/13/2023 11:59 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/11/2023

*CLERK OF COURT*

OR

_____ _____
*Signature of Clerk or Deputy Clerk* /s/ Leah Judge
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Marc Cohodes , who issues or requests this subpoena, are:

Leah Judge; 299 Third Street, Suite 200, Oakland, California 94607; ljudge@nortonlaw.com; 510-906-4900

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:22-cv-00368-AMO (KAW)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

   **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Marc Cohodes in the case entitled *Cohodes v. MiMedx Group, Inc., et al.*, No. 3:22-cv-00368, requests that Roddy Boyd produce for inspection and copying the documents and tangible things described in this Schedule A.

## INSTRUCTIONS

1. These instructions and the requests below incorporate the definitions given in the following section. The definitions apply to all instructions and requests.

2. The following rules of construction shall apply to all requests as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope:

   a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

   b. The use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa;

   c. The connectives "and" and "or" shall be construed either disjunctively or conjunctively; and

   d. The terms "all," "any," "every," and "each" shall be construed as "all, any, every, and each."

3. The wording of any request does not constitute an admission of what the facts or evidence may ultimately show.

4. These requests are directed at Roddy Boyd, and any other agent or custodian under the authority of Roddy Boyd.

5. DOCUMENTS not otherwise directly responsive to any request shall be produced if such DOCUMENTS are attached to a DOCUMENT or thing called for by any request.

6. Unless otherwise specified, the DOCUMENTS requested include the responsive

1

DOCUMENTS in YOUR actual or constructive possession, custody, or control or in the possession, custody, or control of YOUR attorneys, employees, directors, officers, or agents.

7. ALL responsive DOCUMENTS in YOUR possession, custody, or control that exist in electronic format (whether on hard drives on desktop, laptop, notebook, tablet, mobile, or personal digital assistant computers; servers; networks; phones; CDs; DVDs; USB or other portable drives; or any other electronic medium) shall be produced in native electronic format with ALL electronically stored information, unless otherwise agreed by the parties.

8. DOCUMENTS should be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories IDENTIFIED in these requests.

9. DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

10. In the event that any DOCUMENT called for herein has been destroyed, lost, or otherwise became unavailable, that DOCUMENT is to be IDENTIFIED as follows: type of DOCUMENT, author, addressor, addressee, recipients of indicated or "blind" copies, date, subject matter, number of pages, attachments or appendices, all PERSONS believed at any time to have had a copy of or access to the DOCUMENT, date of destruction or loss, place and manner of destruction or loss, PERSONS authorizing destruction, and PERSONS destroying or responsible for losing the DOCUMENT.

11. These requests are to be considered continuing in nature, and YOU must promptly furnish supplemental responses if any additional DOCUMENTS or information is discovered or created after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

12. To the extent YOU object to or claim a privilege with respect to any request in whole or in part:

    a. Set forth all reasons and the underlying factual basis for YOUR objection or claim of privilege in sufficient detail to permit the Court to determine the validity of YOUR objection or claim of privilege; and

2

b. Provide all DOCUMENTS responsive to the request to the extent not privileged and set forth all reasons and the underlying factual basis for YOUR objection or claim of privilege in sufficient detail to permit the Court to determine the validity of YOUR objection or claim of privilege as to the remainder of the Request.

13. Unless otherwise stated, the time period covered by these Requests is the time period beginning October 1, 2015, and running through the present day.

14. To the extent YOU have previously provided DOCUMENTS or items for inspection informally without a formal request for production or inspection demand, YOU may respond to the Requests and Demands herein by designating YOUR prior production without re-producing the DOCUMENTS or items.

### **DEFINITIONS**

1. "YOU" or "YOUR" means Roddy Boyd, and any other agent or custodian under the authority of Roddy Boyd.

2. "PLAINTIFF" means Marc Cohodes.

3. "PERSON" includes an individual person, firm, association, partnership, organization, joint venture, business, trust, limited liability company, corporation, or public entity.

4. "COMPLAINT" means the complaint in this litigation, Docket No. 1, as well as all exhibits and amendments thereto. The COMPLAINT and accompanying exhibit are attached hereto as Exhibit 1.

5. "DOCUMENT" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders;

3

bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

The term "DOCUMENT" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "DOCUMENT" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a DOCUMENT is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

6. The term "COMMUNICATIONS" shall mean and refer to all forms of information exchanged or recorded: oral, written, telephone, facsimile, computer, or other mode of transmission.

7. The term "LAWSUIT" means this case, *Cohodes v. MiMedx Group, Inc., et al.*, No. 3:22-CV-00368 (N.D. Cal.).

8. The term "CONCERNING" means discussing, relating to, contradicting, referring to, reflecting, analyzing, describing, constituting, evidencing, containing, disclosing, or supporting the referenced matter.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:**

All COMMUNICATIONS in YOUR possession between YOU and defendant Derrick Snowdy CONCERNING introducing Defendant Derrick Snowdy to Plaintiff Marc Cohodes.

4

**DOCUMENT REQUEST NO. 2:**

All COMMUNICATIONS in YOUR possession between YOU and defendant Derrick Snowdy CONCERNING Defendant Derrick Snowdy's relationship with Defendant Danny Guy.

**DOCUMENT REQUEST NO. 3:**

All COMMUNICATIONS in YOUR possession between YOU and defendant Derrick Snowdy CONCERNING Derrick Snowdy's relationship with Defendant MiMedx.

**DOCUMENT REQUEST NO. 4:**

All DOCUMENTS in YOUR possession (including COMMUNICATIONS) CONCERNING Defendant Derrick Snowdy's recording of electronic communications to which Plaintiff Marc Cohodes was a party.

**DOCUMENT REQUEST NO. 5:**

All DOCUMENTS in YOUR possession (including COMMUNICATIONS) referenced or cited in YOUR May 12, 2021 article entitled "Danny Guy, Derrick Snowdy, and the Strange Wars of Confused Men."