# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARC COHODES,

    Plaintiff,

v.

MIMEDX GROUP, INC. et. al.,

    Defendants.

Civil Action No. 3:22-cv-00368-AMO (KAW)

## OBJECTIONS BY NON-PARTY RODDY BOYD TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

Non-Party Roddy Boyd ("Boyd"), pursuant to Rule 45 of the Federal Rules of Civil Procedure, hereby objects to the Subpoena to Produce Documents, Information, or Objects (the "Subpoena") served by Plaintiff Marc Cohodes in the above-referenced action on or after October 11, 2023. In support of this objection, Boyd states as follows:

1. Boyd is protected by the First Amendment and the reporter's privilege from producing the documents requested in the Subpoena. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134 (4th Cir. 1986). The Fourth Circuit (the circuit whose law would apply) applies the privilege equally to both confidential and non-confidential newsgathering information. *See Church of Scientology Int'l v. Daniels*, 992 F.2d 1329, 1335 (1993) (4th Cir. 1993). No showing has been made that the information sought to be compelled is relevant, that the information cannot be obtained by alternative means, or that there is a compelling interest in the information.

1

2. Boyd is protected by North Carolina's Shield Law from producing the documents requested in the Subpoena. Boyd has a "qualified privilege against disclosure in any legal proceeding of any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist." N.C. Gen. Stat. § 8-53.11(b). To overcome this privilege, there must be a showing that the information sought is relevant, that the information cannot be obtained by alternative means, and that the information is essential to the maintenance of a claim or defense. *Id.*; *see Vengosh v. Jacobs Eng'g Grp., Inc.*, No. 5:20-MC-20-RJ, 2020 WL 5709256, at *6 (E.D.N.C. Sept. 24, 2020). No such showing has been made.

3. Boyd objects to the unreasonable timeframe for response to the Subpoena. The return date of November 13, 2023 does not give Boyd adequate time to search for and collect any potentially responsive documents. *See, e.g.*, Request Nos. 1-5.

4. The Subpoena subjects Boyd, a non-party to the Action, to undue burden and expense in violation of Fed. R. Civ. P. 45(d)(3)(A)(iv). The Subpoena would require Boyd to spend substantial time and effort searching for, identifying, collecting, and reviewing documents (including review to prevent the disclosure of privileged and/or confidential information). *See Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) ("A more demanding variant of the proportionality analysis therefore applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified.").

5. Boyd objects to the Subpoena to the extent it seeks documents and information that are available from the parties' own files or from other sources. *See, e.g.*, Request Nos. 1-4. Boyd, a nonparty to this Action, should not be burdened by the time and expense of producing such documents when the Plaintiff is seeking documents "concerning" Plaintiff and the named Defendants. Plaintiff can seek such documents directly from the other parties to this case. *See* Fed. R. Civ. P. 45(d)(1) (requiring "reasonable steps" be taken to "avoid imposing undue burden or expense"); *see, e.g.*, Request Nos. 1-3 (requesting communications between Boyd and named defendant, Derrick Snowdy).

6. Boyd objects to the Subpoena to the extent it requests information that is publicly accessible because such information is obtainable through less burdensome means. *See, e.g.*, Request No. 5 (requesting documents "referenced or cited in YOUR May 12, 2021 article . . .").

7. Boyd objects to the Subpoena as overly broad, unduly burdensome, and unreasonably vague. *See* Fed. R. Civ. P. 26(b)(1). For example, but without limitation, Requests 1-4 seek production of "[a]ll DOCUMENTS in YOUR possession . . . CONCERNING . . . ." These requests are facially overbroad in that they request "all documents" whether or not they have any relevance to the subject matter of the lawsuit. These requests are also overly broad and unduly burdensome because they seek documents and communications spanning eight years. *See, e.g.*, Requests 1-4.

8. Boyd objects to the Subpoena to the extent it seeks irrelevant information. *See* Fed. R. Civ. P. 26(b)(1). The documents sought do not pertain to the

claims alleged in the Complaint. For example, but without limitation, Request 1 seeks "[a]ll COMMUNICATIONS in YOUR possession between YOU and defendant Derrick Snowdy CONCERNING introducing Defendant Derrick Snowdy to Plaintiff Marc Cohodes." The introduction of these two individuals has little, if any, bearing on Plaintiff's asserted claims.

9. Boyd objects to the Subpoena to the extent it seeks to impose any duty or obligation not imposed by the Federal Rules of Civil Procedure, the local rules of the appropriate federal district court, or by controlling case law interpreting these rules.

10. Boyd objects to the Subpoena to the extent it seeks electronically stored information "from sources that [are] not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 45(e)(1)(D).

11. Boyd objects to the Subpoena to the extent it purports to require the production of documents that are protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes or limits production or disclosure of information there.

12. The foregoing objections should not be taken as an acknowledgement that Boyd has any particular documents responsive to the Subpoena. Boyd expressly reserves the right to amend, expand, or delete any part of the objections stated herein, or to take any other steps to prevent disclosure of documents or testimony, including seeking any and all judicial relief under the Federal Rules of Civil Procedure. Citations or references to particular requests or documents do not constitute a waiver of any and

all objections Boyd has or may assert in the future to any requests or to the Subpoena in general.

This the 23rd day of October, 2023.

/s/ Eric M. David
Eric M. David
N.C. Bar No. 38118
Gabrielle L. Motsinger
N.C. Bar No. 59403
BROOKS PIERCE MCLENDON
HUMPHREY & LEONARD, LLP
P.O. Box 1800
Raleigh, NC 27602
Telephone: 919-573-6203
edavid@brookspierce.com
gmotsinger@brookspierce.com
*Attorney for FFJ and Boyd*

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing by e-mail and by FedEx as follows:

>Fred Norton, Esq.
>Gil Walton, Esq.
>Leah Judge, Esq.
>The Norton Law Firm PC
>299 Third St, Suite 200
>Oakland, CA 94607
>Tel: (510) 906-4907
>Email: fnorton@nortonlaw.com
>Email: gwalton@nortonlaw.com
>Email: ljudge@nortonlaw.com
>*Attorneys for Plaintiff*

This the 23rd day of October, 2023.

>/s/ Eric M. David
>Eric M. David

6