UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Misc. Case No. 7:24-MC-2-KS

| | |
|---|---|
| MARC COHODES, an individual<br><br>                  Movant,<br>v.<br><br>RODDY BOYD, an individual<br><br>                  Respondent. | **RESPONSE IN OPPOSITION TO MARC COHODES'S MOTION TO TRANSFER TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** |

Respondent Roddy Boyd, pursuant to Local Rules 7.1 and 26.1, submits this Response in Opposition to Marc Cohodes's Motion to Transfer Motion Compel Non-Party Roddy Boyd To United States District Court for the Northern District of California ("Motion"; ECF 6).

Cohodes fails to demonstrate that exceptional circumstances exist to warrant a transfer of Marc Cohodes's Motion to Compel Non-Party Roddy Boyd to Comply with Subpoena ("Motion to Compel") to the Northern District of California. Accordingly, the Motion should be denied.

## STATEMENT OF BACKGROUND FACTS[1]

Cohodes filed a lawsuit against MiMedx Group, Inc., Derrick Snowdy, Daniel Guy, and Harrington Global Opportunities Fund, LTD on January 19, 2022 in the Northern District of California ("The California Litigation"). *See Cohodes v. MiMedx Group, Inc., et al.*, No. 3:22-CV-00368 (N.D. Cal.). The lawsuit asserts five claims against the defendants: (1) Violation of the California Invasion of Privacy Act; (2) Violation of the federal Wiretap Act; (3) Defamation; (4) False Light Invasion of Privacy; and (5) Trespass. Declaration of Leah Judge ("Judge Decl."; ECF 2–19) Ex. A. Typical motions practice ensued, such as motions to dismiss, which were ruled on

---

[1] Nothing in this Response should be deemed an admission that Boyd possesses responsive documents or that the facts set forth by Cohodes relating to Boyd are true.

by the Issuing Court. *See Cohodes v. MiMedx Group, Inc., et al.*, No. 3:22-CV-00368 (N.D. Cal.). The parties then engaged in discovery, which appears to have had its challenges. Several discovery dispute letters were submitted and ruled on by the Issuing Court. In response to Cohodes's letters, the Issuing Court ordered Snowdy and Cohodes to "meet and confer." Dkt. 103, at 2 (Order Regarding 9/29/2023 and 10/4/2023 Discovery Letters); Dkt. 94, at 3 (Order Re 8/2/2023 Discovery Letters).

In that litigation, Cohodes served non-party Boyd with two document subpoenas, both with four Requests for Production ("RFP"). Judge Decl. Ex. F, H. Boyd objected to both subpoenas and invoked the reporter's privilege, among other privileges. Judge Decl. Ex. G, I. Boyd continues to invoke the reporter's privilege to oppose Cohodes's Motion to Compel. *Cohodes v. Boyd*, No. 7:24-MC-2-KS (E.D.N.C.), ECF 11.

## ARGUMENT

### I. Rule 45(f) of the Federal Rules of Civil Procedure requires "exceptional circumstances" to transfer a motion to the issuing court.

Rule 45 of the Federal Rule of Civil Procedure governs the issuance of subpoenas to non-parties. Rule 45(f) provides that a court where compliance is required may transfer such a motion to the issuing court "if the person subject to subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "The prime concern should be avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment ("2013 Comm. Note"). Transferring may be appropriate "to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.*

However, "[t]he 'exceptional circumstances' standard was selected to ensure that transfer is a rare event." *Found. to Support Animal Prot. v. Vital Farms, Inc.*, No. 2:22MC23, 2023 WL

3446200, at *3 (E.D. Va. Apr. 3, 2023) (quoting 9A Wright & Miller, FED. PRAC. & PROC. CIV. § 2463.1 (3d ed.) (citing Rep. of the Civil Rules Advisory Comm. to the Standing Comm. on Rules of Practice and Procedure May 2, 2011, available at https://www. uscourts.gov/sites/default/files/fr_import/CV05-2011.pdf)). "[I]t should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions only because it is the issuing court. . . . [T]he proponent of transfer bears the burden of showing that [exceptional] circumstances are present." *Id.* (quoting 2013 Comm. Note) (cleaned up).

Cohodes fails to meet his burden of demonstrating that exceptional circumstances exist.

II. **No exceptional circumstances exist to warrant a transfer of the Motion to Compel.**

a. **The Issuing Court's familiarity with discovery disputes between Cohodes and Snowdy does not constitute an exceptional circumstance.**

First, Cohodes argues that because he "must show that the information he seeks from Boyd cannot reasonably be obtained from other sources" in order to overcome Boyd's reporter's privilege, the Issuing Court's familiarity with the challenges in obtaining documents from Snowdy makes it "best positioned" to rule on the Motion to Compel. Movant's Mem. 3–4; ECF 7 (citing *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986)).

There is nothing "exceptional" about discovery disputes in litigation. If discovery disputes between parties in the underlying litigation were sufficient to justify transfer of subpoena proceedings to the issuing court then it would not be a "rare event." *See Found. To Supp Animal Prot.*, 2023 WL 3446200, at *3.

Cohodes's concern about the ability of this Court to understand the relevant issues is misplaced. Not only has Cohodes detailed the discovery issues he has had with Snowdy in his Motion to Compel (ECF 2), but he has referenced the discovery dispute letters and the Issuing

3

Court's Orders related to the discovery disputes, Movant's Mem. 2–3 (citing N.D. Cal. Dkt. No. 3:22-CV-00368, Dkts. 91, 94, 99, 100, 103).[2] Additionally, whether Cohodes can obtain the information from other sources is only one of several factors a court considers in determining whether the reporter's privilege should be abrogated. *LaRouche*, 780 F.2d at 1139 (discussing the three-part test to analyze whether a subpoena to a journalist should be quashed).

Cohodes's reliance on *Azurity Pharms., Inc. v. Bionpharma Inc.*, No. 5:23-MC-19-RJ, 2023 WL 5664278 (E.D.N.C. Sept. 1, 2023), lacks merit. In *Azurity Pharms., Inc.*, the non-party subpoena issued to QHP Capital, LLP was part of a "complex patent and antitrust litigation that [was] the culmination of more [than] five years of litigation." *Id.* at *3. The issuing court was also at that point considering discovery disputes in the underlying action, which included discovery sought from QHP partners. *Id.* Not so in this case. The underlying lawsuit is not complex; the Issuing Court has also already ruled on Cohodes's discovery dispute letters, which had nothing to do with seeking discovery from Boyd.

This Court is sufficiently informed to rule on the Motion to Compel. The Issuing Court's familiarity with discovery disputes that have nothing to do with Boyd does not demonstrate exceptional circumstances needed to justify transferring the Motion to Compel.

### b. The Issuing Court's familiarity with the underlying case does not make it better suited to rule on the Motion to Compel.

Next, Cohodes contends that the Issuing Court's familiarity with the underlying issues in the case make it "particularly well-suited to determine the relevance of the information sought from Boyd." Movant's Mem. 4. Cohodes argues that because the "California litigation is

---

[2] The Issuing Court has only ordered Cohodes and Snowdy to continue to "meet and confer" to solve their discovery disputes. N.D. Cal. No. 3:22-CV-00368, ECF 94 (August 2, 2023 Order regarding Discovery Letters); *Id.* ECF 103 (October 4, 2023 Order regarding Discovery Letters) ("Based on the Court's review, the parties have failed to adequately meet and confer.").

procedurally complex, involves four defendants that reside in various countries, and has been pending for two years," it would preserve judicial resources to transfer the Motion to Compel. *Id.*

Again, this does not demonstrate "exceptional circumstances." First, the Issuing Court's familiarity with the underlying case is not sufficient reason to transfer the motion. *See, e.g., Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*, No. MISC.A. 13-238, 2014 WL 272088, at *3 (E.D. Pa. Jan. 24, 2014) (denying transfer even though the issuing court "undeniably ha[d] greater familiarity with the Underlying Action and plaintiffs' theory of liability"). *Cf. Fed. Home Loan Mortg. Corp. v. Deloitte & Touche LLP*, No. 15–mc–568 (RMC), 2015 WL 3413540, *3 (D.D.C. May 28, 2015) (finding transfer proper when a case demands a "nuanced legal analysis based on a full understanding of the [u]nderlying [a]ction," not "a mere relevancy determination").

If greater "familiarity" was sufficient to transfer, it would not be a "rare" event as intended. 2013 Comm. Note ("[I]t should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."); *In re Subpoena of Am. Nurses Ass'n*, 788 F. Supp. 2d 444, 446 (D. Md. 2011) ("[T]he Court must bear in mind that transfer under Rule 45 is the exception, not the rule: it is reserved for the exceptional, complex case in which the transferee court is plainly better situated to resolve the discovery dispute." (internal quotations omitted)).

Second, the underlying litigation is not complex. As alleged by Cohodes, the documents he seeks from Boyd are relevant to his privacy, wiretapping, and trespass claims. Movant's Mem. in Supp. Motion to Compel 6, ECF 2. The main thrust of these claims is the alleged illegal recording of Cohodes's phone conversation and Snowdy's apparent lies to Cohodes to gain entrance to his property. *Id.* 6–7. Determining the relevancy of the requested documents to these claims is rather uncomplicated. Cohodes has had ample opportunity to articulate the relevancy of

5

Case 7:24-mc-00002-KS    Document 13    Filed 02/07/24    Page 5 of 8

the information he seeks; therefore, the Court is no doubt sufficiently "up to speed" to decide Cohodes's Motion to Compel.

The cases Cohodes cites to support his contention are also inapplicable here. In *Bogard Constr. Inc. v. Oil Price Info. Serv., LLC*, the court transferred the motion to quash because, in large part, the non-party was arguing that the issuing court lacked subject matter jurisdiction over the underlying action. No. 8:21-CV-03005-PX, 2022 WL 1213307, at *3 (D. Md. Apr. 25, 2022) ("This contention cuts to the heart of the issuing court's power to hear the case—a question best suited for the court whose jurisdiction is being challenged."). And, in *In re Bayer Cropscience*, the court transferred the motion because the issuing court issued various subpoenas seeking "similar, sometimes identical, often overlapping types of information from eight different respondents in various districts" and transferring avoided "the risk of various courts ruling differently on the same issues." No. 5:16-MC-10-RJ, 2016 WL 7429201, at *3 (E.D.N.C. June 14, 2016) (internal quotations omitted). Neither of these circumstances is present here.

### c. Transferring the Motion to Compel would burden Boyd.

Lastly, Cohodes argues that transferring the Motion to Compel would not burden Boyd. Movant's Mem. 4. His argument focuses on the presiding magistrate judge's policy of holding remote hearings, Boyd's ability to keep his same counsel, and Boyd's tendency to travel for work. Movant's Mem. 4–5.

As a nonparty, Boyd has a paramount interest in obtaining a resolution of the Motion to Compel where compliance is required under Rule 45(c). Fed. R. Civ. P. 45(c). As emphasized in the Advisory Committee Notes, the "prime concern" in determining whether to transfer a motion is to avoid "burdens to local nonparties subject to subpoena." Fed. R. Civ. P. 45, 2013 Comm. Note. Transfer is thus only warranted if the interest in avoiding "disrupting the issuing court's

management of the underlying litigation" outweighs "the interests of the nonparty served with the subpoena in obtaining a local resolution of the motion." *Id.*

Moreover, although Boyd does travel for work, his one-man organization is not a national organization. *Cf. XY, LLC v. Trans Ova Genetics, L.C.*, 307 F.R.D. 10 (D.D.C. 2014) (finding that where a local nonparty was a national organization, "the presumption in favor of local resolution carried less force"). Accordingly, to force Boyd to litigate the matter in the Northern District of California would be burdensome. *Chinitz v. Intero Real Est. Servs.*, No. A-20-MC-0081-LY, 2020 WL 806177, at *1 (W.D. Tex. Feb. 14, 2020) ("Rule 45 has long required that disputes related to non-party subpoenas be resolved locally to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena." (internal quotations omitted)).

Rule 45 and the Advisory Committee Notes already contemplate lessening the burden to non-parties by holding remote hearings and allowing non-parties to keep the same counsel *if the motion is transferred*. Fed. R. Civ. P. 45, 2013 Comm. Note. ("If the motion is transferred, judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties," and the attorney for a subpoenaed party may file papers and appear on the motion as officers of the issuing court).

While such measures may lessen the burden of a transfer once ordered, their availability is not a reason to transfer in the first instance. *Google, Inc. v. Digital Citizens All.*, No. MC 15-00707 JEB/DAR, 2015 WL 4930979, at *4 (D.D.C. July 31, 2015) ("Once exceptional circumstances have been found, 'transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.'" (quoting Fed. R. Civ. P. 45, 2013 Comm. Note)).

## CONCLUSION

For the foregoing reasons, Boyd respectfully requests that this Court deny Cohodes's Motion.

Respectfully submitted, this 7th day of February, 2024.

/s/ Eric M. David
Eric M. David
N.C. State Bar No. 38118
BROOKS, PIERCE, MCLENDON
HUMPHREY & LEONARD, L.L.P.
P. O. Box 1800
Raleigh, NC 27602
Telephone: 919-573-6203
*Attorney for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on counsel for all parties of record by the CM/ECF System for the Eastern District of North Carolina, which will generate and send an e-mail notification of said filing to all counsel of record.

This the 7th day of February, 2024.

/s/ Eric M. David
Eric M. David