IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-MC-2-KS

| | | |
|---|---|---|
| MARC COHODES, an individual, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | **ORDER** |
| RODDY BOYD, an individual, | ) ) | |
| Respondent. | ) ) | |

This matter is before the court on the following motions filed by Marc Cohodes:

    1.    Motion to compel Respondent, Roddy Boyd, to comply with a subpoena duces tecum issued in connection with an action filed by Cohodes in the United States District Court for the Northern District of California; and

    2.    Motion to transfer this miscellaneous action to the United States District Court for the Northern District of California.

The parties have fully briefed the issues, and the motions are ripe for ruling. For the reasons set forth below, the motions are denied.

## BACKGROUND

On January 19, 2022, Cohodes filed a lawsuit against MiMedx Group, Inc., Derrick Snowdy, Daniel Guy, and Harrington Global Opportunities Fund, Ltd. (collectively "California Defendants") in the United States District Court for the

Northern District of California. *See Cohodes v MiMedx Group, Inc.*, No. 3:22-CV-368 (N.D. Cal. filed Jan. 19, 2022) ("California action"). The operative complaint asserts claims for violation of the federal wiretap statute, 18 U.S.C. § 2511, and invasion of privacy, defamation, false light invasion of privacy, and trespass under California law. Am. Compl., *Cohodes v MiMedx Group, Inc.*, No. 3:22-CV-368, ECF No. 117 (N.D. Cal. Dec. 18, 2023). According to the complaint, Cohodes is an investor and former hedge fund manager who has exposed fraudulent and questionable practices in the financial market. He claims that the California Defendants sought to retaliate against him for investment losses incurred due to Cohodes' exposure of Concordia Healthcare and MiMedx Group, Inc.[1] *Id.* ¶¶ 1-2. He alleges that Snowdy is a private investigator retained by the other defendants who, among other things, illegally recorded Cohodes' phone calls and unlawfully gained consent to enter Cohodes' property, then misrepresented the calls and other communications "in an effort to damage [Cohodes'] reputation and undermine his credibility with public securities markets and regulatory authorities in the United States and Canada." *Id.* ¶ 2.

---

[1] According to Cohodes, Concordia's share prices plummeted in 2016 after Cohodes began building a short position while publicly criticizing the company's business practices. Am. Compl. ¶¶ 23-24, *Cohodes v MiMedx Group, Inc.*, No. 3:22-CV-368. Harrington Global and its owner Danny Guy are alleged to have blamed Cohodes and other short sellers for their loss of $150 million on Concordia stock. *Id.* ¶¶ 4, 26.

Cohodes says he also publicly criticized MiMedx for questionable accounting and sales practices in 2017. *Id.* ¶¶ 80-81. In 2020, MiMedx executives were convicted of securities fraud, and the company agreed to pay $6.5 million to resolve claims it had submitted false claims to the Department of Veterans Affairs. *Id.* ¶ 104.

Respondent, Roddy Boyd, is a journalist and acquaintance of Cohodes who is alleged to have introduced Snowdy to Cohodes. Am. Compl., *Cohodes v MiMedx Group, Inc.*, No. 3:22-CV-368, ECF No. 117, ¶¶ 31-32 (N.D. Cal. Dec. 18, 2023) ¶ 31-32. In May 2021, after documents in a Canadian lawsuit revealed that Snowdy had been surveilling Cohodes, Boyd published an article entitled "Danny Guy, Derrick Snowdy, and the Strange Wars of Confused Men." (Mot. Compel [DE #1] ¶ 2; Mem. Supp. Mot. Compel [DE #2] at 3 & Ex. 6 [DE #2-6].) In [the article, Boyd describes Snowdy's practice of recording telephone calls, including calls with Cohodes. *Id.*

In connection with the California action, Cohodes served two subpoenas duces tecum on Boyd. The first subpoena was for all documents in Boyd's possession concerning Derrick Snowdy, Daniel Guy, MiMedx Group, Inc., or "the recording of electronic communications to which Plaintiff Marc Cohodes was a party." (1st Subpoena [DE #2-10] at 4-5.) After the parties conferred, Cohodes served Boyd with a revised subpoena for the production of (1) communications between Boyd and Snowdy concerning the introduction of Snowdy to Cohodes; (2) communications between Boyd and Snowdy concerning "Snowdy's relationship with [Guy]"; (3) communications between Boyd and Snowdy concerning "Snowdy's relationship with [MiMedx]"; (4) all documents concerning "Snowdy's recording of electronic communications to which [Cohodes] was a party"; and (5) all documents "referenced or cited in" Boyd's article, "Danny Guy, Derrick Snowdy, and the Strange Wars of Confused Men." (2d Subpoena [DE #2-12] at 4-5.) Boyd objected and refused to comply

3

with the subpoenas invoking, among other things, the reporter's privilege. (Boyd Objs. 2d Subpoena [DE #2-13].)

On January 16, 2024, Cohodes filed the instant motion to compel Boyd to produce certain documents pursuant to the second subpoena.[2] Cohodes maintains that the documents sought are relevant to proving the California Defendants illegally recorded Cohodes' phone calls (Mem. Supp. Mot. Compel at 1) and that he has been unable to obtain the documents through discovery in the California action (*id.* at 7-8). Boyd opposes the motion, arguing that the documents sought are subject to the reporter's privilege and that Cohodes has failed to overcome the privilege. (Resp. Opp'n Mot. Compel [DE #11].)

Cohodes also moves, pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, to transfer the motion to compel to the United States District Court for the Northern District of California. (Mot. Transfer Mot. Compel [DE #6].) Boyd opposes transfer. (Resp. Opp'n Mot. Transfer [DE #13].)

## DISCUSSION

### I. Motion to Transfer Venue

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas to nonparties. Fed. R. Civ. P. 45. To protect nonparties from undue burden, Rule 45(f) of the Federal Rules of Civil Procedure requires that subpoena-related motions be

---

[2] Cohodes does not seek to compel production of communications regarding Snowdy's relationship with MiMedx or documents referenced in Boyd's article that are not communications between or referenced in communications between Boyd and Snowdy. (Mem. Supp. Mot. Compel at 4-5.)

4

filed in the court where compliance is required. Absent consent of the party subject to the subpoena, such matters may be transferred to the issuing court only upon exceptional circumstances shown by the party seeking transfer. Fed. R. Civ. P. 45(f) & advisory committee's note to 2013 amendment. "The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment.

"In determining whether 'exceptional circumstances' exist, courts consider several factors, including the 'complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *Duck v. United States Sec. & Exch. Comm'n*, 317 F.R.D. 321, 323 (D.D.C. 2016) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). Transfer may be warranted in some cases "in order to avoid disrupting the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. However, "[t]ransfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

Cohodes has failed to demonstrate exceptional circumstances warranting transfer pursuant to Rule 45(f). The California action does not raise issues of such complexity that the issuing court is in a superior position to resolve Cohodes' motion. Nor does transfer appear necessary to avoid disruption of case management in the underlying litigation. Although the California action has been pending for more than

two years, Cohodes was recently allowed to amend his complaint, and briefing on jurisdictional motions concluded less than a month ago, with multiple motions to dismiss still pending before the court. Furthermore, Boyd asserts that transfer would pose a significant burden as he is a "one-man organization," not a national company. (Resp. Opp'n Mot. Transfer at 7.) Under these circumstances, transfer is not warranted, and the court therefore denies Cohodes' motion to transfer this matter to the United States District Court for the Northern District of California.

II. **Motion to Compel**

"Rule 45 adopts the standard codified in Rule 26, which allows for the discovery of any matter 'not privileged, that is relevant to the claim or defense of any party' when the discovery request 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (quoting Fed. R. Civ. P. 26(b)(1)). Whether to compel compliance with a subpoena is a matter within the court's discretion. *See LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986).

Federal courts may also impose appropriate limitations on discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). When evaluating a subpoena to a nonparty, courts "give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance." *Schaaf*, 233 F.R.D. at 453 (quoting *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)).

6

Boyd opposes Cohodes' motion, invoking the reporter's privilege, "which protects against the invasion of a reporter's constitutional rights in gathering the news and safeguarding sources." *Livingston v. Kehagias*, No. 5:16-CV-906-BO, 2018 WL 1278190, at *1 (E.D.N.C. Mar. 12, 2018) (citing *Branzburg v. Hayes*, 408 U.S. 665, 709 (1972) (Powell, J., concurring)). In *LaRouche*, the Fourth Circuit held that motions to compel information protected by the reporter's privilege require the court to balance the competing interests of a civil litigant to discover relevant information and "the First Amendment claim of the press to protect its newsgathering activities." *United States v. Sterling*, 724 F.3d 482, 496 (4th Cir. 2013). In doing so, the court should consider "(1) whether the information is relevant, (2) whether the information can be obtained by alternative means, and (3) whether there is a compelling interest in the information." *Id.* at 496–97 (citing *LaRouche*, 780 F.2d at 1139).

Cohodes contends the reporter's privilege does not apply to communications between Boyd and Snowdy concerning the introduction of Snowdy to Cohodes because they "pre-date Boyd's newsgathering activities."[3] (Mem. Supp. Mot. Compel at 5-6.) In his complaint, Cohodes alleges that Snowdy, in an attempt to establish a relationship with Cohodes, pitched a story to Boyd, an acquaintance of Cohodes (Am. Compl. ¶ 31); that during a meeting about the article, Snowdy asked Boyd to introduce him to Cohodes (*id.* ¶ 32); and that Snowdy misrepresented himself to both Boyd and Cohodes as "shar[ing] Cohodes's determination to expose liars and cheats,"

---

[3] Cohodes does not dispute the applicability of the reporter's privilege to the other documents sought.

7

including Concordia's chief executive officer (*id.* ¶ 32-33). Boyd is a journalist with the Foundation for Financial Journalism who investigates and reports on such matters as market manipulation. (*Id.* ¶ 31.) In his article "Danny Guy, Derrick Snowdy, and the Strange Wars of Confused Men," Boyd reports:

> Starting in 2017, Snowdy began posing as a sympathetic, knowledgeable fraud-fighting ally to many of the reporters and short sellers named in the Catalyst claim. More importantly, Snowdy leveraged this nascent rapport to obtain introductions to other investors and forensic analysts who were researching and shorting publicly traded companies.

Am. Compl., Ex. B, *Cohodes v MiMedx Group, Inc.*, No. 3:22-CV-368, ECF No. 117-2, at 10 (N.D. Cal. Dec. 18, 2023). Boyd continues, explaining that Cohodes is one of the short-sellers mentioned in the article and that he (Boyd), regretfully, is responsible for introducing Snowdy to Cohodes. *Id.* at 19-21. Given this background, the court finds that communications concerning Boyd's introduction of Snowdy to Cohodes are protected by the reporter's privilege and that compelled disclosure is therefore subject to the *LaRouche* test.

Applying the *LaRouche* test, the court finds that the balance of interests weighs in favor of Boyd and against compelled disclosure. Even assuming the information sought is relevant, Cohodes has failed to show that the information cannot be obtained by alternative means. This prong of the *LaRouche* test "requires the requesting party to exhaust all other possible sources of the sought-after information." *Vengosh v. Jacobs Eng'g Grp., Inc.*, No. 5:20-MC-20-RJ, 2020 WL 5709256, at *5 (E.D.N.C. Sept. 24, 2020) (quoting *Penland v. Long*, No. 1:94-CV-119, 1995 WL 805177, at *3 (W.D.N.C. Sept. 12, 1995)). Cohodes states that he has

requested the documents from Snowdy in the California action, that Snowdy has refused to produce them, and that "Cohodes has no expectation that he ever will" given Snowdy's "history of obstruction in [the California action] and others." (Mem. Supp. Mot. Compel at 8.) However, court records from the California action indicate that the parties "failed to adequately meet and confer" regarding Snowdy's discovery responses and, on October 25, 2023, were ordered to meet and confer further and file a discovery letter in the event of an impasse. Order, *Cohodes v MiMedx Group, Inc.*, No. 3:22-CV-368, ECF No. 103 (N.D. Cal. Oct. 25, 2023). In a joint report submitted on December 11, 2023, Cohodes reported that the discovery dispute with Snowdy was ongoing and that Cohodes anticipated filing discovery motions as to Snowdy. Jt. Case Mgmt. Stmt., *Cohodes v MiMedx Group, Inc.*, No. 3:22-CV-368, ECF No. 114 (N.D. Cal. Dec. 11, 2023). It is not apparent from the docket, and Cohodes has not provided any information to suggest, that any further action has been taken to obtain the documents from Snowdy. Cohodes has not met his burden to demonstrate that the documents cannot be obtained by alternative means.[4] He has therefore failed to overcome the privilege, and his motion to compel Boyd's compliance with the subpoena is therefore denied.

---

[4] Given Cohodes' failure to exhaust other means for obtaining the information sought, the court does not determine whether Cohodes has a compelling interest in the information.

## CONCLUSION

For the foregoing reasons, the court DENIES the Motion to Transfer [DE #6] and the Motion to Compel [DE #1] filed by Marc Cohodes.

This 7th day of August 2024.

_____
KIMBERLY A. SWANK
United States Magistrate Judge